**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50398 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00203-DSF-17 |
| v. | |
| ANTONIO ENRIQUE OROZCO, AKA El Sr, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 6, 2020**
Pasadena, California

Before: M. SMITH and LEE, Circuit Judges, and CARDONE,*** District Judge.

Appellant Antonio Enrique Orozco (Orozco) appeals from the final

judgment and commitment order. We have jurisdiction pursuant to 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

§ 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

The parties dispute the applicable standard of review in this appeal. However, we need not resolve this issue because even applying de novo review, Orozco's challenge fails. *See Plascencia-Orozco*, 852 F.3d 910, 916 (9th Cir. 2017) (avoiding the issue by applying the less deferential de novo review and affirming the district court). This Court "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (citation omitted). In other words, "[c]ourts enforce the literal terms of a plea agreement, construing ambiguities in favor of the defendant." *United States v. Ellis*, 641 F.3d 411, 417 (9th Cir. 2011) (citing *United States v. Johnson*, 187 F.3d 1129, 1134 (9th Cir. 1999); *United States v. Quach*, 302 F.3d 1096, 1100–01 (9th Cir. 2002)).

We have reviewed the parties' arguments and the record in this case. The wording of the relevant provisions of the agreement are unambiguous, and all parties have complied with their obligations under the agreement.

**AFFIRMED.**